NOT DESIGNATED FOR PUBLICATION

No. 117,583

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE A. PITTMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 15, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM:  Shane A. Pittman appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Pittman's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On August 22, 2014, Pittman pled no contest to one count of aggravated robbery. On October 17, 2014, the district court sentenced Pittman to 88 months' imprisonment but granted a dispositional departure to probation for 36 months to be supervised by community corrections.

1

The record reflects that Pittman violated his probation on three separate occasions, and each time the district court imposed a "quick dip" intermediate sanction. Following an evidentiary hearing on February 17, 2017, the district court found that Pittman violated the conditions of his probation by committing the crimes of possession of drug paraphernalia and possession of opiates. The district court revoked Pittman's probation and ordered him to serve a modified sentence of 78 months in prison, although Pittman asked the district court to reduce the sentence to 48 months. Pittman timely appealed.

On appeal, Pittman first claims the district court "erred by revoking probation and ordering service of the prison sentence." However, Pittman acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. Pittman also acknowledges that the district court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions

before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Here, the district court revoked Pittman's probation after finding that he committed new crimes while on probation. Based on this finding, the district court was not required to impose additional intermediate sanctions in this instance. Pittman already had violated his probation on three prior occasions and received an intermediate sanction each time. The district court's decision to revoke Pittman's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Pittman has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Pittman also argues that the district court "erred by ordering a lesser sentence of 78 months' prison instead of the 48 months that counsel requested." The State did not address this argument in its response. Assuming this court has jurisdiction to review the duration of the sentence modification, Pittman fails to establish that the district court abused its discretion by modifying the sentence to 78 months rather than 48 months as Pittman had requested. See *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017) (appellate court reviews district court's decision to deny defendant's request for lesser sentence upon the revocation of probation for an abuse of discretion), *petition for rev. filed* October 2, 2017. As the judge told Pittman's counsel at the probation revocation hearing, "I've given your client all the breaks that [he] really merited." We agree that the district court showed an abundance of leniency to Pittman throughout the case, and we see no reason to disturb the district court's judgment.

Affirmed.